UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DIRK KLINKE, | ) | 3:12-cv-00032-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | October 11, 2013 |
| ROBERT BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court is Plaintiff's Emergency Motion for Order. (Doc. # 55.) Plaintiff seeks an order directing Defendants to submit Plaintiff's medical records related to the injuries, treatment and classification of his jaw injuries under seal for the court's *in camera* review in connection with the hearing on Plaintiff's motion for temporary restraining order and preliminary injunction set for October 22, 2013.

   The court has reviewed Plaintiff's emergency motion (Doc. # 55) as well as the underlying motion for temporary restraining order and preliminary injunction (Docs. # 52, # 53) and Defendants' response (Doc. # 56). Plaintiff's complaint alleges that Defendants violated the Eighth Amendment when they allowed Plaintiff to be supervised by another inmate who did not allow Plaintiff water or rest, which resulted in his blacking out, falling down, and breaking his jaw. (*See* Docs. # 7, # 9.) Plaintiff underwent various procedures to fix his jaw. He avers that defendants Craspay, Donnely and Baze were deliberately indifferent to his safety and defendants Remsen, Peery, Snider, Bannister, Mar and Johns were deliberately indifferent to a serious medical need arising out of the incident. He also alleges that defendants Palmer and LeGrand are liable as supervisors, asserting that the injury would not have occurred had the inmate been properly supervised.

In his motion for injunctive relief he asserts that he has been told he must undergo a third surgery and treatment, but has been informed that he will be transferred to another institution even though his treatment has not been completed. Plaintiff also asserts that he is not being given medication prescribed for his condition, and is in constant pain. He claims that a transfer to another facility will result in irreparable harm because they cannot provide him with appropriate treatment.

MINUTES OF THE COURT
3:12-cv-00032-RCJ-WGC
Date:  October 11, 2013
Page 2

In the instant motion, Plaintiff states that on October 3, 2013, he had a medical consultation with Dr. Gedney where she recommended and approved future treatment for his jaw, including surgery, and was told that he should not be transferred to another institution until the treatment is completed. He asserts that this designation is noted in his medical file classification notes. Then, on October 4, 2013, Plaintiff spoke with his father who was told by NDOC that Plaintiff would be sent back to Lovelock Correctional Center (LCC) as soon as a bed is available. Plaintiff asserts that this decision has been made despite Dr. Gedney's order that Plaintiff remain at Northern Nevada Correctional Center (NNCC). Thus, Plaintiff wants his medical records filed under seal with the court so the court may view the medical order that he remain at NNCC.

Defendants have opposed Plaintiff's motion for injunctive relief. (Doc. # 56.) They assert that there is no medical basis to prohibit a transfer from NNCC as he can receive treatment for his condition at the institution where transfer is contemplated, Warm Springs Correctional Center (WSCC), and his transfer is based solely on the need for bed space. They appear to concede that Plaintiff has a medical restriction, but that it extends to either NNCC or WSCC, where Plaintiff can receive treatment for his condition.

Thus, it appears that it is appropriate to require Defendants to produce Plaintiff's relevant medical files. Therefore, Plaintiff's motion (Doc. # 55) is **GRANTED** and Defendants are directed to file under seal only any medical record(s) that reference a medical restriction relative to transfer to other institutions because of his medical condition. Defendants shall file such document(s) **under seal on or before Thursday, October 17, 2013**. There is no need to concurrently submit a motion for leave to file the document(s) under seal as the court finds that both compelling reasons as well as good cause exist for sealing the records due the sensitive and private nature of health records which satisfies *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Defendants are further **ORDERED** to make arrangements to have Dr. Karen Gedney present, in person or telephonically, for the hearing scheduled for October 22, 2013.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  /s/
        Deputy Clerk